IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| JASON MICHAEL ROACH and NELLY PETE ROACH, | ) ) ) | Case No. 08-20667-DRD-13 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| JASON MICHAEL ROACH and NELLY PETE ROACH, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 09-2051 |
| | ) | |
| THE BANK OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter was commenced by the filing of a complaint by Plaintiffs-Debtors, Jason Michael Roach and Nelly Pete Roach against the Bank of Missouri seeking a determination that the claim of the Bank of Missouri may be treated as an unsecured claim in Debtors' Chapter 13 plan because, although it purports to be secured by a security interest in the Debtors' residence, the amount of prior encumbrances on the residence are such that there is no value to secure the claim of the Bank. The matter is currently before the Court on cross-motions for summary judgment submitted by the parties. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(K) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court grants in part the motion for summary judgment filed by the Plaintiffs and denies the Defendant's motion for summary judgment.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts are undisputed and are set forth in a joint stipulation of facts filed by the parties. Plaintiffs commenced this case by the filing of a petition for relief under Chapter 7 of the Bankruptcy Code on April 15, 2008. A subsequent motion to convert the case to a case under Chapter 13 was granted by the Court on August 19, 2008. Plaintiffs own a residence in Columbia, Missouri, which they listed in Schedule A and to which they assigned a value of $446,000 based upon the assessed value according to the records of the Boone County Assessor. The residence is encumbered by a deed of trust securing a debt to Commerce Bank in the amount of $374,800. It also secures an additional indebtedness to Commerce Bank in the amount of $36,705. As of the date of the filing of the case, Plaintiffs owed approximately $49,746 to the Defendant pursuant to a guaranty of a promissory note executed by Image Development Professionals Group, Inc., an affiliated entity. That note was secured by a commercial security agreement and also by a deed of trust on the Debtors' residence subordinate to the claims of Commerce Bank. Plaintiffs have submitted an appraisal report as of June 2009 assessing the value of the home at $370,000.

Plaintiffs argue that while the indebtedness to the bank is secured by a security interest in real property that constitutes the Debtors' residence, it is not secured solely by such an interest and is therefore not entitled to the protections of the anti-modification clause, § 1322(b)(2). Plaintiffs contend that the debt is also secured by a security interest in a leasehold interest held by Debtor Jason Roach which prevents the Bank from invoking the protection of this provision. Further, Plaintiffs argue that even if the claim is entitled to the protection of the anti-modification clause, the Court may nonetheless still determine the claim is appropriately treated as entirely unsecured if there is no value to secure the claim based on the value of the property and the amount of prior indebtedness. In support of this claim, Plaintiffs contend that the appropriate date for valuing the

real property is the date of confirmation of the Chapter 13 plan and that they have submitted uncontradicted evidence that the fair market value of the property on a date proximate to that time is $370,000, less than the amount of the two prior debts on the property. Defendant contends that the Plaintiffs have failed to demonstrate that Debtor Jason Roach, in his individual capacity, executed a security agreement granting the bank a security interest in the leasehold interest. As a result, the Bank contends that it is entitled to the full protection of the anti-modification clause. Further, the Bank contends that the relevant date for valuation of the real property for purposes of determining the extent of its secured claim is the date of the filing of the petition and that the evidence demonstrates that as of that time the value of the property was $446,000 as demonstrated both by the value ascribed to the property in Debtors' Schedules of Assets and Liabilities and the assessed value ascribed to it by the Boone County Assessor.

## II. LEGAL ANALYSIS

### A. Standard for Summary Judgment

Federal Rule of Bankruptcy Procedure 7056(c), applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 586-87 (1986). "A 'genuine issue' in the context of a motion for summary judgment is not simply a 'metaphysical doubt as to the material facts'." *Id*. Rather, "a genuine issue exists when the evidence is such that a reasonable fact finder could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir.1994). When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant; however, the court is "not required to draw every conceivable inference from the record-only those inferences that are reasonable." *Bank Leumi Le-isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

### B.  Lien Avoidance

Section 1325(a)(5) of the Bankruptcy Code grants Chapter 13 debtors several options with regard to treating secured claims in a Chapter 13 plan. Assuming the creditor does not accept the plan, the debtors may either provide that the holder retain the lien securing the claim and pay the creditor value, determined as of the effective date of the plan, not less than the allowed amount of the claim or surrender the property securing the claim to the creditor. § 1325(a)(5). This means that even if the creditor is owed more, the secured portion of the claim is limited to the value of the collateral, which if paid over time, must include interest such the discounted value of the stream of payments is equivalent to the value of the collateral. One exception to this ability to bifurcate the claim into secured and unsecured components involves claims secured solely by a security interest in real property that is the debtors' residence. § 1322(b)(2). Obviously, this protection does not apply if the creditor has collateral other than the debtor's residence. Debtors contend the exception to the exception is applicable here because in addition to the residence, the Bank holds a security interest in a leasehold interest held by Debtor Jason Roach as a result of his having executed on January 30, 2004, apparently in his individual capacity, a lease agreement with Cherry Street

Building L.L.C.[1]  As the Bank points out however, the only security instrument executed by the Debtor personally which is part of the record in this case is the deed of trust.  Accordingly, there is no security agreement executed by Debtor Jason Roach granting the Bank a security interest in his interest in the commercial lease.  The Debtors have therefore not demonstrated that the Bank has this additional collateral.  Accordingly, the Court rejects the Debtors' contention that the anti-modification clause is not applicable for this reason.

As the Debtors also point out, however, there is another exception to the anti-modification clause relating to the ability to bifurcate the claim.  The law in this district is that notwithstanding the fact that a creditor may have a security interest only in real property which is the debtor's residence, the claim may be treated as unsecured if there is no value in the collateral for the creditor based on the amount of debt secured by the property that is prior to the creditor's claim.  *In re McCarron*, 242 B.R. 479 (Bankr. W.D. Mo. 2000), *see also*, *In re Pond*, 252 F.3d 122, 126 (2nd Cir. 2001); *In re Sanders*, 202 B.R. 986 (Bankr. D. Neb. 1996 (*citing* additional cases).  Accordingly, if the amount of the debt owed to Commerce Bank exceeds the value of the real property, the debt owed Defendant may be treated as unsecured in the Chapter 13 plan notwithstanding the existence of the anti-modification clause.  The Court now turns to the question of valuation of the real property.

The dispute between the parties on this issue centers on the appropriate date as of which the Court should value the property.[2]  Debtors contend that the property should be valued as of the date

---

[1] According to the stipulation, the promissory note was also secured by a commercial security agreement including numerous other items of corporate property.  Consequently, at one point, the debt was secured by property other than the Debtors' residence.  Whether the existence of that non-debtor collateral affects the Bank's ability to invoke the protection of the anti-modification clause is an issue which was not raised by the parties.

[2] This case was originally filed under Chapter 7 of the Bankruptcy Code and converted to a case under Chapter 13.  Since the Court concludes that the appropriate date of valuation is not the filing of the petition but the effective date of confirmation of the Chapter 13 plan, it need not assess whether the conversion has any effect on the

5

of the confirmation hearing and offer evidence that as of June 2009 the real property was worth $370,000, an amount less than the combined debt owed to Commerce Bank. Defendant contends that the appropriate date of valuation is the date of the filing of the petition and suggests that based upon the Boone County assessor's valuation and the Debtors' adoption of that figure in Schedule A of the Schedules of Assets and Liabilities, there is equity to support a portion of the claim and it therefore may not be modified in the way Debtors request.

While § 1325(a)(5) specifies how a creditor's secured claim should be treated, it does not provide the Court with any specific guidance with respect to how to value the claim. General guidance is provided in § 506(a)(1) which specifies that valuation is to be determined "in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."[3] Accordingly, the Court is to determine valuation based upon the context in which the valuation is occurring. Here, the valuation is occurring in the context of determining the allowed amount of the creditor's secured claim for purposes of plan confirmation. That fact, and the fact that the value to be given to the secured creditor is to be determined "as of the effective date of the plan"

---

appropriate date of valuation.

[3] In § 506(a)(2), added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress does offer some guidance on date of valuation issues which, however, appears to apply solely to personal property. The first sentence of § 506(a)(2) which clearly applies only to personal property, makes clear that the property is to be valued as of the date of the filing of the petition. The second sentence of § 506(a)(2) applies to that subset of cases involving property acquired for personal, family or household use and specifies that the Court should take into consideration the age and condition of the property as of the date value is being determined. Although not entirely clear, the second sentence is apparently linked to the first and therefore also applies only to the determination of the value of personal property. This provision is therefore either not relevant to the Court's determination or confirms its use of the confirmation hearing (or similar date) for the determination of value as the Court could not otherwise consider the age and condition of the property as of the date value was being determined.

suggests that the appropriate date of valuation is the date of the confirmation hearing.[4] Many courts have adopted this approach, which this Court considers to be the better rule. *See, e.g., In re Crain*, 243 B.R. 75 (Bankr. C.D. Cal. 1999); *In re Jones*, 219 B.R. 506 (Bankr. N.D. Ill. 1998); *In re Taras*, 136 B.R. 941 (Bankr. E.D. Pa. 1992); *In re Owens*, 120 B.R. 487 (Bankr. E.D. Ark. 1990); *In re Klein*, 10 B.R. 657 (Bankr. E.D.N.Y. 1981).

Defendant cites several cases in support of the proposition that the petition date is the appropriate time at which to fix the value of the real property. After having reviewed the cases, the Court finds that they are not applicable or unpersuasive. Two of the cases cited by Defendant, *Ford Motor Credit Company v. Lee (In re Lee)*, 162 B.R. 217 (Bankr. D. Minn. 1993) and *In re Sanders*, 202 B.R. 986 (Bankr. D. Neb. 1996) simply do not decide the issue. The Court finds the case of *In re Aubain*, 296 B.R. 624 (Bankr. E.D.N.Y. 2003) distinguishable. In that case, the Court announced a preference for a flexible approach in fixing the appropriate date for valuing collateral and chose the date of the petition in that case given the five-year delay between the date of the determination of value and the confirmation of the Chapter 13 plan. While the Court agrees that some flexibility in choosing a date of valuation may be appropriate, it assumes that to mean that different dates might be used in different contexts not that the Court should use different dates in the same contexts. The only justification offered by Defendant in this case for employing such flexibility and departing from a rule that the property should be valued as of the effective date of the Chapter 13 plan is that the Court should consider delay and the Debtors are allegedly responsible for having delayed the filing

---

[4] The Code does not define the phrase "effective date of the plan". Neither does the Chapter 13 plan identify its effective date. Generally, the plan would become effective when the order confirming it becomes final, approximately 14 days after the date of its entry. The confirmation hearing would occur just prior to the entry of an order confirming the plan. Many courts have used that date as a proxy for the "effective date of the plan" and this Court will do likewise. *See, e.g., In re Crain*, 243 B.R. 75 (Bankr. C.D. Cal. 1999); *In re May*, 194 B.R. 853, 858, n. 4 (Bankr. D.S.D. 1996).

of this adversary and the making of this determination. While there has been some delay in filing the adversary proceeding and in moving toward confirmation, it cannot be said that the Debtors were wholly responsible for that delay. The Debtors have encountered a number of difficulties in obtaining confirmation of a Chapter 13 plan, requiring the litigation of a variety of issues including objections by the trustee and the allowability of a large administrative expense claim based on the commercial lease on which issue the Court issued a previous Memorandum Opinion in this case.

The court in *Johnson v. General Motors Acceptance Corporation (In re Johnson)*, 165 B.R. 524 (Bankr. S.D. Ga. 1994) does adopt the position for which Defendant contends. The Court respectfully disagrees, however, finding that that court gives insufficient weight to the guidance given in § 506 that the Court should consider the purpose of the valuation determination and the context in which it is made, relying more on generalized notions about the importance of the date of the filing of the petition. While Defendant seems to think that Debtors may be receiving a windfall as a result of the decline in value, the Court notes that if the Defendant had been concerned about the decline in valuation, it could have alleviated the impact of such a decline by making a request for adequate protection. Defendant would no doubt have been arguing for the Court to employ the confirmation hearing date valuation had the property appreciated in value. Utilizing that date, a secured creditor would receive the benefit of the appreciation if the property grows in value from the date of the filing of the petition and can protect itself from declines in value by seeking adequate protection.

Resolving that legal question in favor of Plaintiffs, the Court must now turn to the evidence of value provided as of that date. Plaintiffs' evidence consists of an appraisal report assessing the fair market value of the property as of July 2009, at least 6 months prior to confirmation of the plan. That report indicates the property as of that date was worth $370,000, substantially less than the

aggregate indebtedness owed to Commerce Bank on the first two deeds of trust. Defendant offers an affidavit of a bank officer to which is attached a printout from the Boone County Assessor's office apparently dated December 4, 2009, showing the appraised value of the property for real estate tax assessment purposes as of that date as $446,600. It is not clear what standard of valuation is employed by the assessor's office and it is curious that the assessed valuation has apparently not changed in the more than a year and a half since the case has been filed, despite changing market conditions. This Court cannot resolve these issues on a motion for summary judgment. Accordingly, since the Court has before it conflicting evidence of the value of the real property as of a relevant date subsequent to the date of the filing of the petition, there is a genuine issue of material fact and the Court must conduct an evidentiary hearing. Defendant's motion for summary judgment is denied for the reason that the Court rejects the date of valuation proposed by the Defendant. Plaintiffs' motion for summary judgment is granted in part in that the Court agrees with the proposed date of valuation. It is denied in part for the reason that the Court has before it conflicting evidence as to the valuation of the real property on or about the applicable date.

DATED:    January 15, 2010                         /s/ Dennis R. Dow
                                                  HONORABLE DENNIS R. DOW
                                                  UNITED STATES BANKRUPTCY JUDGE